UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KRISTY MITCHELL, individually and as mother and next friend of NEVAEH OSORIO,<br><br>        Plaintiffs,<br><br>v.<br><br>DES MOINES INDEPENDENT COMMUNITY SCHOOL DISTRICT and TIMOTHY DOWLER,<br><br>        Defendants. | Case No. 4:20-cv-00109-SMR-HCA<br><br>Polk County District Court Case No. LACL147301<br><br><br>**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND** |

COME NOW the Defendants, Des Moines Independent Community School District and Timothy Dowler, and for answer to Plaintiffs' Petition, state:

## I.  INTRODUCTION

1.      This is a civil action brought by Kristy Mitchell and Nevaeh Osorio for damages arising from injuries sustained by Nevaeh as she was attacked by three of her fellow classmates at the Roosevelt High School Homecoming dance on October 5, 2019. Plaintiff Nevaeh Osorio was a student of Defendant Des Moines Independent Community School District attending the Roosevelt High School Homecoming dance when she became aware three of her classmates intended to start a fight with her. Nevaeh then notified Defendant Timothy Dowler of the danger, and he told her to stand off to the side or go somewhere else. Defendant Timothy Dowler did not do anything to protect the Plaintiff from the danger he was warned about. Neveah was then attacked by the three

classmates she told Defendant about and sustained several injuries including whiplash, concussion, bruises, and scratches. Plaintiffs bring this action for compensatory damages, punitive damages, interest at the maximum legal rate, court costs and any other further relief as the court deems equitable and just.

**ANSWER:   Denied.**

## II. PARTIES

2.      Plaintiff, Kristy Mitchell, at all material times hereto, is a resident of the State of Iowa, residing at 2480 SE Summer Park Drive, Ankeny, Iowa 50021. Plaintiff Kristy Mitchell is the mother and next friend of Plaintiff Nevaeh Osorio.

**ANSWER: Denied for lack of sufficient information and knowledge to form a belief.**

3.      Defendant, Des Moines Independent Community School District, at all material times hereto, is an Iowa school district with its address being 2100 Fleur Drive, Des Moines, Iowa 50321.

**ANSWER: Admitted.**

4.      Defendant, Timothy Dowler, at all material times hereto, was a teacher employed by Defendant, Des Moines Independent Community School District, and a chaperone of the Roosevelt High School Homecoming dance on October 5, 2019.

**ANSWER:   Admitted.**

## III. JURISDICTION AND VENUE

5.      This is a claim arising out of State of Iowa law occurring in Polk County, Iowa. As such, this court has jurisdiction over the parties and claims.

**ANSWER:    Defendants deny a claim exists but admit jurisdiction exists.**

6.      Venue is properly vested within Polk County, Iowa.

**ANSWER:   Admitted.**

7.      Plaintiff's claims exceed the jurisdictional limit for District Court and thus this claim is properly brought in District Court.

**ANSWER:   Denied for lack of sufficient information and knowledge to form a belief.**

## IV. STATEMENT OF MATERIAL FACTS

8.      Plaintiffs repleads the allegations contained in paragraphs one (1) through seven (7) above and by this reference incorporates the same as if fully set forth herein.

**ANSWER:   Defendants reallege their answers to Paragraphs 1 through 7 as though fully set forth herein.**

9.      On October 5, 2019, Plaintiff Nevaeh Osorio attended Defendant Des Moines Independent Community School District's Roosevelt High School Homecoming Dance.

**ANSWER:   Admitted.**

10.     On or about October 5, 2019, Defendant Timothy Dowler was *an* employee of Des Moines Independent Community School District as a teacher and was a chaperone of the Roosevelt High School Homecoming Dance.

**ANSWER:   Admitted.**

11.     Defendant Timothy Dowler was acting within the scope of his employment as a chaperone of the Roosevelt High School Homecoming dance.

**ANSWER:   Admitted.**

12.    On or about October 5, 2019, Plaintiff Nevaeh Osorio told Defendant Timothy Dowler that three of her classmates were intending to start a fight with her at the dance.

**ANSWER:   Denied.**

13.    Defendant Timothy Dowler told Plaintiff Nevaeh to stand off to the side or go somewhere else.

**ANSWER:   Denied.**

14.    Defendant Timothy Dowler chose not act to protect Plaintiff from her classmates.

**ANSWER:   Denied.**

15.    Defendant Timothy Dowler had a duty to act to protect Plaintiff Neveah as she was a student of Des Moines Independent Community School District attending the dance.

**ANSWER:   Denied.**

16.    Plaintiff was subsequently attacked by the three classmates of whom she reported to Defendant Timothy Dowler.

**ANSWER:   Denied.**

17.    Plaintiff suffered damages due to Defendant Timothy Dowler's failure to act and to protect her from the other students she feared were going to injure her.

**ANSWER:   Denied.**

18.     Under Iowa Code section 670.2(1), "every municipality is subject to liability for its torts and those of its officers and employees, acting within the scope of their employment or duties.

**ANSWER: Denied for lack of sufficient information and knowledge to form a belief.**

19.     Defendant Des Moines Independent Community School District is a "municipality" as defined under Iowa Code section 670.1.

**ANSWER:   Admitted.**

20.     Defendant Des Moines Independent Community School District is responsible for the torts of its employees, namely Defendant Timothy Dowler, who are acting within the scope of employment.

**ANSWER:   This paragraph is denied as it seeks a legal conclusion.**

## V.  COUNT I — NEGLIGENT SUPERVISION

21.     Plaintiff repleads the allegations contained in paragraphs one (1) through twenty-one (21) above and by this reference incorporates the same as if fully set forth herein.

**ANSWER:    Defendants reallege their answers to Paragraphs 1 through 7 as though fully set forth herein.**

22.     On or about October 5, 2019, Defendant Timothy Dowler did nothing to prevent injury from occurring after being notified by Plaintiff Nevaeh Osorio of the danger of her classmates.

**ANSWER:   Denied.**

23.     Defendants Des Moines Independent Community School District and Timothy Dowler had a duty to protect Plaintiff Nevaeh Osorio from the harmful actions of her peers.

**ANSWER:   Denied.**

24.     Defendants breached their duty of care by failing to act when warned of the imminent danger of attack by Plaintiff's peers.

**ANSWER:   Denied.**

25.     It was reasonably foreseeable that Plaintiff would be in danger if Defendant Timothy Dowler or other staff members did not intervene.

**ANSWER:   Denied.**

26.     Defendants' negligence was a direct and proximate cause of Plaintiff's damages.

**ANSWER:   Denied.**

27.     Due to the negligence of Defendant Des Moines Independent Community School District and its employee Defendant Timothy Dowler, Plaintiff suffered from severe medical injuries.

**ANSWER:   Denied.**

28.     Plaintiff requests a trial by jury of her peers in regard to Count I of this Petition.

**ANSWER:   No answer is required to this paragraph.**

WHEREFORE, Defendants pray that Plaintiffs' Petition be dismissed at Plaintiffs' cost.

## VI.  COUNT II- 42 US.C. § 1983 FAILURE TO PROTECT

29.     Plaintiff repleads the allegations contained in paragraphs one (1) through twenty-eight (28) above and by this reference incorporates the same as if fully set forth herein.

**ANSWER:   Defendants reallege their answers to Paragraphs 1 through 7 as though fully set forth herein.**

30.     Defendant Timothy Dowler was an employee of the State, working for the Des Moines Independent Community School District.

**ANSWER:   Paragraph 30 is admitted only that Timothy Dowler was working for the Des Moines Independent Community School District.**

31.     On or about October 5, 2019, Defendant Timothy Dowler was a state actor working in his individual capacity at the Roosevelt High School Homecoming Dance.

**ANSWER:   Denied.**

32.     On or about October 5, 2019, Defendant Timothy Dowler was acting under color of state law.

**ANSWER:   Denied.**

33.     Defendant Timothy Dowler knew of Plaintiff Nevaeh's fear of attack from other students at the dance and declined to do anything about it.

**ANSWER:   Denied.**

34.     Defendant Timothy Dowler chose to tell Plaintiff Nevaeh to stand to the side or go somewhere else rather than step in and protect her.

**ANSWER:   Denied.**

35.     Plaintiff Nevaeh Osorio has a right to be safe and protected at school functions.

**ANSWER:   Paragraph 35 calls for a legal conclusion.**

36.     Defendant Timothy Dowler put Plaintiff Nevaeh at risk of serious, immediate and proximate harm when he ignored the danger he was warned of.

**ANSWER:   Denied.**

37.     Plaintiff was deprived of a right secured by the Constitution and the laws of the United States when Defendant Timothy Dowler failed to protect her from the dangerous actions of other students at the dance.

**ANSWER:   Denied.**

38.     Defendant Timothy Dowler actually and obviously knew Plaintiff needed his help, but instead acted with such conscious disregard of the risk, his conduct shocks the conscious.

**ANSWER:   Denied.**

39.     Plaintiffs' damages were directly and proximately caused by Defendant Timothy Dowler's failure to protect Plaintiff while acting in his individual capacity at the Roosevelt High School Homecoming Dance.

**ANSWER:   Denied.**

## AFFIRMATIVE DEFENSES

1.     The Plaintiffs' Petition fails to state a claim against these Defendants.

2.     Plaintiffs' damages, if any, are caused in whole or in part by the fault of other parties and Iowa Code Chapter 668 would apply.

3.      The Plaintiffs injuries, if any, were caused by their fault and any damages if any should be barred or reduced pursuant to Iowa Code Chapter 668.

4.      If Plaintiffs sustained injuries and incurred any expenses as claimed, they were caused in whole or in part by the acts or omissions of others for whose intervening conduct or negligence the defendants are not responsible.

5.      Any alleged injury to Plaintiffs was not foreseeable as a matter of law.

6.      Any alleged injury to Plaintiffs was caused by the act of third persons, which by their intervention prevents the school from being liable for harm to Plaintiffs.

7.      The school did not cause harm to Plaintiffs.

8.      Defendants are immune from liability under Iowa Code section 670.4(1)(c), Iowa Code section 670.4(1)(d), Iowa Code section 613.21, Iowa Code section 280.27, Iowa Code section 232.73(1), Iowa Code section 280.28, Iowa Code section 280.21, and Iowa Administrative Rules 281-103.4 and 281-103.5.

9.      Plaintiffs do not have a private right of action under Iowa Code § 280.28

## JURY DEMAND

Defendants request trial by jury of all issues herein.

BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.

By: _____ */s/ Janice M. Thomas* _____
Janice M. Thomas  AT0007822
Frank M. Swanson AT0014095
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-8004
Tel:  (515) 246-5828
Fax:  (515) 246-5808
E-Mail:  thomas.janice@bradshawlaw.com

ATTORNEYS FOR DES MOINES INDEPENDENT
COMMUNITY SCHOOL DISTRICT and TIMOTHY
DOWLER

Jeffrey M. Lipman
1454 30th Street
Suite 205
West Des Moines, IA  50266
jeff@lipmanlawfirm.com
**ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the 30th day of March, 2020 by:

☐ U.S. Mail                    ☐ CM/ECF
☐ Hand Delivered          ☐ EMAIL
☐ Federal Express          ☒ EDMS

_____ */s/ Peggy Rosky* _____