UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KRISTY MITCHELL, individually and as mother and next friend of NEVAEH OSORIO, | Case No. 4:20-cv-00109-SMR-HCA |
| Plaintiff, | |
| v. | **DEFENDANTS DES MOINES INDEPENDENT COMMUNITY SCHOOL DISTRICT AND TIMOTHY DOWLER'S APPENDIX OF EXHIBITS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** |
| DES MOINES INDEPENDENT COMMUNITY SCHOOL DISTRICT and TIMOTHY DOWLER, | |
| Defendants. | |

COME NOW the Defendants, Des Moines Independent Community School District and Timothy Dowler, through undersigned counsel and provide the following Appendix of Exhibits in Support of Their Motion for Summary Judgment:

| **Description** | **Summ. J. App.** |
|---|---|
| Defendants' Amended Answer, Affirmative Defenses and Jury Demand | 1-10 |
| Plaintiff Nevaeh Osorio's Answers to Defendants Des Moines Independent Community School District and Timothy Dowler's First Set of Interrogatories, No. 1 | 11-14 |
| Report of Defendants' Expert James Spelhaug | 15-16 |
| Deposition Transcript of Nevaeh Osorio | 17-26 |
| Deposition Transcript of Timothy Dowler | 27-31 |
| Deposition Transcript of K.H. | 32-33 |

BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.


By:  _____ */s/ Janice M. Thomas*_____
        Janice M. Thomas  AT0007822
        801 Grand Avenue, Suite 3700
        Des Moines, IA  50309-8004
        Tel:  (515) 246-5828
        Fax:  (515) 246-5808
        Email:  thomas.janice@bradshawlaw.com

**ATTORNEYS FOR DES MOINES INDEPENDENT
COMMUNITY SCHOOL DISTRICT and TIMOTHY
DOWLER**

Copy to:

Jeffrey M. Lipman
Lipman Law Firm, P.C.
1454 - 30th Street, Suite 205
West Des Moines, IA  50266
Tel:  (515) 276-3411
Fax:  (515) 276-3736
Email:  jeff@lipmanlawfirm.com
**ATTORNEYS FOR PLAINTIFF**

Alison F. Kanne
Wandro & Associates, P.C.
2501 Grand Avenue, Suite B
Des Moines, IA  50312
Tel:  (515) 281-1475
Fax:  (515) 281-1474
Email:  akanne@2501grand.com
**ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the 15th day of February, 2021 by:

☐ U.S. Mail                ☒ CM/ECF
☐ Hand Delivered           ☐ EMAIL
☐ Federal Express          ☐ EDMS

_____
                    /s/ Lucy Anderson

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KRISTY MITCHELL, individually and as mother and next friend of NEVAEH OSORIO,<br><br>      Plaintiffs,<br><br>v.<br><br>DES MOINES INDEPENDENT COMMUNITY SCHOOL DISTRICT and TIMOTHY DOWLER,<br><br>      Defendants. | Case No. 4:20-cv-00109-SMR-HCA<br><br><br><br>**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND** |

COME NOW the Defendants, Des Moines Independent Community School District and Timothy Dowler, and for answer to Plaintiffs' Petition, state:

## I. INTRODUCTION

1.    This is a civil action brought by Kristy Mitchell and Nevaeh Osorio for damages arising from injuries sustained by Nevaeh as she was attacked by three of her fellow classmates at the Roosevelt High School Homecoming dance on October 5, 2019. Plaintiff Nevaeh Osorio was a student of Defendant Des Moines Independent Community School District attending the Roosevelt High School Homecoming dance when she became aware three of her classmates intended to start a fight with her. Nevaeh then notified Defendant Timothy Dowler of the danger, and he told her to stand off to the side or go somewhere else. Defendant Timothy Dowler did not do anything to protect the Plaintiff from the danger he was warned about. Neveah was then attacked by the three



EXHIBIT
A

Summ. J. App. 1

classmates she told Defendant about and sustained several injuries including whiplash, concussion, bruises, and scratches. Plaintiffs bring this action for compensatory damages, punitive damages, interest at the maximum legal rate, court costs and any other further relief as the court deems equitable and just.

**ANSWER:   Denied.**

## II. PARTIES

2.      Plaintiff, Kristy Mitchell, at all material times hereto, is a resident of the State of Iowa, residing at 2480 SE Summer Park Drive, Ankeny, Iowa 50021. Plaintiff Kristy Mitchell is the mother and next friend of Plaintiff Nevaeh Osorio.

**ANSWER: Denied for lack of sufficient information and knowledge to form a belief.**

3.      Defendant, Des Moines Independent Community School District, at all material times hereto, is an Iowa school district with its address being 2100 Fleur Drive, Des Moines, Iowa 50321.

**ANSWER: Admitted.**

4.      Defendant, Timothy Dowler, at all material times hereto, was a teacher employed by Defendant, Des Moines Independent Community School District, and a chaperone of the Roosevelt High School Homecoming dance on October 5, 2019.

**ANSWER:   Admitted.**

## III. JURISDICTION AND VENUE

5.      This is a claim arising out of State of Iowa law occurring in Polk County, Iowa. As such, this court has jurisdiction over the parties and claims.

-2-

**ANSWER:   Defendants deny a claim exists but admit jurisdiction exists.**

6.     Venue is properly vested within Polk County, Iowa.

**ANSWER:   Admitted.**

7.     Plaintiff's claims exceed the jurisdictional limit for District Court and thus this claim is properly brought in District Court.

**ANSWER:   Denied for lack of sufficient information and knowledge to form a belief.**

## IV. STATEMENT OF MATERIAL FACTS

8.     Plaintiffs repleads the allegations contained in paragraphs one (1) through seven (7) above and by this reference incorporates the same as if fully set forth herein.

**ANSWER:   Defendants reallege their answers to Paragraphs 1 through 7 as though fully set forth herein.**

9.     On October 5, 2019, Plaintiff Nevaeh Osorio attended Defendant Des Moines Independent Community School District's Roosevelt High School Homecoming Dance.

**ANSWER:   Admitted.**

10.     On or about October 5, 2019, Defendant Timothy Dowler was *an* employee of Des Moines Independent Community School District as a teacher and was a chaperone of the Roosevelt High School Homecoming Dance.

**ANSWER:   Admitted.**

11.     Defendant Timothy Dowler was acting within the scope of his employment as a chaperone of the Roosevelt High School Homecoming dance.

-3-

**ANSWER:  Admitted.**

12.    On or about October 5, 2019, Plaintiff Nevaeh Osorio told Defendant Timothy Dowler that three of her classmates were intending to start a fight with her at the dance.

**ANSWER:  Denied.**

13.    Defendant Timothy Dowler told Plaintiff Nevaeh to stand off to the side or go somewhere else.

**ANSWER:  Denied.**

14.    Defendant Timothy Dowler chose not act to protect Plaintiff from her classmates.

**ANSWER:  Denied.**

15.    Defendant Timothy Dowler had a duty to act to protect Plaintiff Neveah as she was a student of Des Moines Independent Community School District attending the dance.

**ANSWER:  Denied.**

16.    Plaintiff was subsequently attacked by the three classmates of whom she reported to Defendant Timothy Dowler.

**ANSWER:  Denied.**

17.    Plaintiff suffered damages due to Defendant Timothy Dowler's failure to act and to protect her from the other students she feared were going to injure her.

**ANSWER:  Denied.**

18.     Under Iowa Code section 670.2(1), "every municipality is subject to liability for its torts and those of its officers and employees, acting within the scope of their employment or duties.

**ANSWER: Denied for lack of sufficient information and knowledge to form a belief.**

19.     Defendant Des Moines Independent Community School District is a "municipality" as defined under Iowa Code section 670.1.

**ANSWER:   Admitted.**

20.     Defendant Des Moines Independent Community School District is responsible for the torts of its employees, namely Defendant Timothy Dowler, who are acting within the scope of employment.

**ANSWER:   This paragraph is denied as it seeks a legal conclusion.**

## V.  COUNT I — NEGLIGENT SUPERVISION

21.     Plaintiff repleads the allegations contained in paragraphs one (1) through twenty-one (21) above and by this reference incorporates the same as if fully set forth herein.

**ANSWER:   Defendants reallege their answers to Paragraphs 1 through 7 as though fully set forth herein.**

22.     On or about October 5, 2019, Defendant Timothy Dowler did nothing to prevent injury from occurring after being notified by Plaintiff Nevaeh Osorio of the danger of her classmates.

**ANSWER:   Denied.**

23.     Defendants Des Moines Independent Community School District and Timothy Dowler had a duty to protect Plaintiff Nevaeh Osorio from the harmful actions of her peers.

**ANSWER:   Denied.**

24.     Defendants breached their duty of care by failing to act when warned of the imminent danger of attack by Plaintiff's peers.

**ANSWER:   Denied.**

25.     It was reasonably foreseeable that Plaintiff would be in danger if Defendant Timothy Dowler or other staff members did not intervene.

**ANSWER:   Denied.**

26.     Defendants' negligence was a direct and proximate cause of Plaintiff's damages.

**ANSWER:   Denied.**

27.     Due to the negligence of Defendant Des Moines Independent Community School District and its employee Defendant Timothy Dowler, Plaintiff suffered from severe medical injuries.

**ANSWER:   Denied.**

28.     Plaintiff requests a trial by jury of her peers in regard to Count I of this Petition.

**ANSWER:   No answer is required to this paragraph.**

WHEREFORE, Defendants pray that Plaintiffs' Petition be dismissed at Plaintiffs' cost.

## VI.  COUNT II- 42 US.C. § 1983 FAILURE TO PROTECT

29.     Plaintiff repleads the allegations contained in paragraphs one (1) through twenty-eight (28) above and by this reference incorporates the same as if fully set forth herein.

**ANSWER:   Defendants reallege their answers to Paragraphs 1 through 7 as though fully set forth herein.**

30.     Defendant Timothy Dowler was an employee of the State, working for the Des Moines Independent Community School District.

**ANSWER:   Paragraph 30 is admitted only that Timothy Dowler was working for the Des Moines Independent Community School District.**

31.     On or about October 5, 2019, Defendant Timothy Dowler was a state actor working in his individual capacity at the Roosevelt High School Homecoming Dance.

**ANSWER:   Denied.**

32.     On or about October 5, 2019, Defendant Timothy Dowler was acting under color of state law.

**ANSWER:   Denied.**

33.     Defendant Timothy Dowler knew of Plaintiff Nevaeh's fear of attack from other students at the dance and declined to do anything about it.

**ANSWER:   Denied.**

34.     Defendant Timothy Dowler chose to tell Plaintiff Nevaeh to stand to the side or go somewhere else rather than step in and protect her.

**ANSWER:   Denied.**

Summ. J. App. 7

35.     Plaintiff Nevaeh Osorio has a right to be safe and protected at school functions.

**ANSWER:    Paragraph 35 calls for a legal conclusion.**

36.     Defendant Timothy Dowler put Plaintiff Nevaeh at risk of serious, immediate and proximate harm when he ignored the danger he was warned of.

**ANSWER:    Denied.**

37.     Plaintiff was deprived of a right secured by the Constitution and the laws of the United States when Defendant Timothy Dowler failed to protect her from the dangerous actions of other students at the dance.

**ANSWER:    Denied.**

38.     Defendant Timothy Dowler actually and obviously knew Plaintiff needed his help, but instead acted with such conscious disregard of the risk, his conduct shocks the conscious.

**ANSWER:    Denied.**

39.     Plaintiffs' damages were directly and proximately caused by Defendant Timothy Dowler's failure to protect Plaintiff while acting in his individual capacity at the Roosevelt High School Homecoming Dance.

**ANSWER:    Denied.**

## AFFIRMATIVE DEFENSES

1.     The Plaintiffs' Petition fails to state a claim against these Defendants.

2.     Plaintiffs' damages, if any, are caused in whole or in part by the fault of other parties and Iowa Code Chapter 668 would apply.

3.      The Plaintiffs injuries, if any, were caused by their fault and any damages if any should be barred or reduced pursuant to Iowa Code Chapter 668.

4.      If Plaintiffs sustained injuries and incurred any expenses as claimed, they were caused in whole or in part by the acts or omissions of others for whose intervening conduct or negligence the defendants are not responsible.

5.      Any alleged injury to Plaintiffs was not foreseeable as a matter of law.

6.      Any alleged injury to Plaintiffs was caused by the act of third persons, which by their intervention prevents the school from being liable for harm to Plaintiffs.

7.      The school did not cause harm to Plaintiffs.

8.      Defendants are immune from liability under Iowa Code section 670.4(1)(c), Iowa Code section 670.4(1)(d), Iowa Code section 613.21, Iowa Code section 280.27, Iowa Code section 232.73(1), Iowa Code section 280.28, Iowa Code section 280.21, and Iowa Administrative Rules 281-103.4 and 281-103.5.

9.      Defendant Timothy Dowler is absolutely immune from liability in his individual capacity under the doctrine of qualified immunity.

10.      Plaintiffs do not have a private right of action under Iowa Code § 280.28.

## **JURY DEMAND**

Defendants request trial by jury of all issues herein.

BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.


By: _____ */s/ Janice M. Thomas* _____
Janice M. Thomas  AT0007822
Frank M. Swanson AT0014095
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-8004
Tel:  (515) 246-5828
Fax:  (515) 246-5808
Email:  thomas.janice@bradshawlaw.com
Email:  swanson.frank@bradshawlaw.com

**ATTORNEYS FOR DES MOINES INDEPENDENT
COMMUNITY SCHOOL DISTRICT and TIMOTHY
DOWLER**

Copy to:

Jeffrey M. Lipman
1454 30th Street, Suite 205
West Des Moines, IA  50266
Email:  jeff@lipmanlawfirm.com
**ATTORNEYS FOR PLAINTIFF**


CERTIFICATE OF SERVICE
The undersigned hereby certifies that a true copy of the foregoing instrument was served upon
one of the attorneys of record for all parties to the above-entitled cause by serving the same on
such attorney at his/her respective address/fax number as disclosed by the pleadings of record
herein, on the 13th day of April, 2020 by:

☐ U.S. Mail                    ☒ CM/ECF
☐ Hand Delivered        ☐ EMAIL
☐ Federal Express        ☐ EDMS

_____ */s/ Lucy Anderson* _____

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KRISTY MITCHELL, individually and as mother and next friend of NEVAEH OSORIO, <br><br>     Plaintiffs, <br><br> v. <br><br> DES MOINES INDEPENDENT COMMUNITY SCHOOL DISTRICT and TIMOTHY DOWLER, <br><br>     Defendants. | Case No. 4:20-cv-00109-SMR-HCA <br><br> **PLAINTIFF NEVAEH OSORIO'S ANSWERS TO DEFENDANTS DES MOINES INDEPENDENT COMMUNITY SCHOOL DISTRICT and TIMOTHY DOWLER'S FIRST SET OF INTERROGATORIES** |

**COMES NOW**, the Plaintiff, Kristy Mitchell, by and through her attorney, Jeffrey M.

Lipman of Lipman Law Firm, P.C., and hereby submits the following Answers to Defendants'

First Set of Interrogatories.

>     /s/ Jeffrey M. Lipman
> Jeffrey M. Lipman    AT0004738
> LIPMAN LAW FIRM, P.C.
> 1454 30th Street, Suite 205
> West Des Moines, IA 50266-1312
> (515)276-3411
> FAX: (515)276-3736
> EMAIL: jeff@lipmanlawfirm.com
> ATTORNEY FOR PLAINTIFF

Copies to:

Janice Thomas
Bradshaw, Fowler, Proctor & Fairgrave
801 Grand Avenue, Suite 3700
Des Moines, Iowa 50309
thomas.janice@bradshawlaw.com
ATTORNEY FOR DEFENDANTS

Proof of Service
The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on the 3rd day of August, 2020.

| | | | |
|---|---|---|---|
| X | US Mail | ____ | Fax |
| ____ | Hand Delivery | ____ | Overnight Courier |
| ____ | Federal Express | X | Other |
| ____ | EDMS | | |

Signature: /s/ Ashley R. Madsen

<u>INTERROGATORY NO. 1</u>: Provide the name, current or last known address and phone number of each individual having knowledge or information related to the allegations contained in the Petition, and the name, current or last known address, phone number of the individual; general substance of the knowledge or information of the individual.

ANSWER:

Plaintiff Nevaeh Osorio
2480 SE Summer Park Drive
Ankeny, Iowa 50021

Plaintiff Kristy Mitchell
2480 SE Summer Park Drive
Ankeny, Iowa 50021

M██ W█████, F██████ H█████████, and S████ L███ are the girls who attacked Plaintiff Nevaeh Osorio. Their contact information is unknown to the Plaintiff but is in Defendant Des Moines Independent Community School District's possession.

Defendant Des Moines Independent Community School District
2100 Fleur Drive
Des Moines, Iowa 50321

Defendant Timothy Dowler

Plaintiff Nevaeh Osorio's Medical Providers have information regarding Nevaeh's injuries resulting from the attack:

Chad Carlson, MD, Stadia Sports Medicine PC, 6000 University Ave, Suite 250, West Des Moines, Iowa 50266

Colleen Shannon, PT, Rock Valley Physical Therapy, 1705 North Ankeny Boulevard, Suite A, Ankeny, Iowa 50023

Scott Davison, MD, DMM Blank Children's Hospital Emergency Dept., 1200 Pleasant Street, Des Moines, Iowa 50309

Mona Walters, RN, DMM Blank Children's Hospital Emergency Dept., 1200 Pleasant Street, Des Moines, Iowa 50309

## CERTIFICATION

I, Kristy Mitchell as next friend of Nevaeh Osorio, state that I have read the attached Answers to Interrogatories, know and understand the contents thereof, and certify that the answers contained therein are true and correct to the best of my knowledge, information and belief.

Kristy Mitchell as next friend of Nevaeh Osorio

## JAMES SPELHAUG REPORT



1

███████████████████████████████████████

2.      There were no clues in Miss Osorio's behavior and demeanor which would shift the conversation from casual to one of intervention.  There were no tears.  There was no fear/panic.  There was no distressed tone to her voice.  There was no body language to indicate concern.

3.      Given the fact that there was no obvious or known risk present, Mr. Dowler's response to stay away from the girls who did not like her is consistent with how I personally with my own children and professionally with hundreds of students across the years would counsel as they would deal with the normal lessons and stresses that come with adolescence.  In these conversations the context was always social/emotional (e.g. a failed test, losing a game, an argument with a friend) and never when there were overtones of fear and/or concerns over one's safety (e.g. bullying, harassment).

███████████████████████████████████████

_____  12-2-20
James Spelhaug

2

Page 1

```
 1              UNITED STATES DISTRICT COURT
 2           FOR THE SOUTHERN DISTRICT OF IOWA
 3                    CENTRAL DIVISION
 4      KRISTY MITCHELL,           )
        individually and as        )
 5      mother an next friend      ) Case No.
        of NEVAEH OSORIO,          ) 4:20-cv-00109-
 6                                 ) SMR-HCA
                  Plaintiffs,      )
 7                                 )
        vs.                        ) VIDEOCONFERENCE
 8                                 )
        DES MOINES INDEPENDENT     ) DEPOSITION OF
 9      COMMUNITY SCHOOL DISTRICT  )
        and TIMOTHY DOWLER,        ) NEVAEH OSORIO
10                                 )
                  Defendants.      )
11      _____)
12              THE VIDEOCONFERENCE DEPOSITION OF
13      NEVAEH OSORIO, taken remotely before
14      Gale Sweeney Christensen, Certified Shorthand
15      Reporter, Registered Professional Reporter,
16      and Notary Public of the State of Iowa,
17      commencing at 9:06 a.m., August 4, 2020, at
18      505 Fifth Avenue, Suite 320 Insurance
19      Exchange Building, Des Moines, Iowa.
20
21   Job No. CS4179997
22
23
24      Reported by:  Gale Sweeney Christensen,
                       CSR, RPR
25
```

Summ. J. App. 17



Page 6

Page 8

21   Q.  And what year were you in school when
22   you transferred to Ankeny?
23   A.  I was a -- like beginning of sophomore
24   year.

Page 7

Page 9

7   Q.  And so you went to Roosevelt your
8   freshman year; correct?
9   A.  Yes.
10   Q.  And you completed your freshman year at
11   Roosevelt?
12   A.  Yes.

3 (Pages 6 - 9)



Page 22

```
1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 23

```
1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 24

```
1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20   Q.   The summer between your freshman year
21   and your sophomore year did you hang out with
22   M█, S████, or F█████?
23   A.   No --
24   Q.   S████. I'm sorry. Did you say no?
25   A.   Correct.
```

Page 25

```
1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Summ. J. App. 19

800-567-8658                                                        973-410-4098



Page 26

1  ███████████
2  A.  Yes.
3  Q.  And why would you go to the Roosevelt
4  football games?
5  A.  I have a best friend who plays for the
6  football team.
7  Q.  So how many did you go to before this
8  fight occurred?
9  A.  One.
10  Q.  What game was that?
11  A.  Roosevelt versus Ankeny.
12  Q.  And where was that at?
13  A.  Drake stadium.
14  Q.  And was this the homecoming football
15  game?
16  A.  No.
17  Q.  When was it in relationship to the
18  homecoming dance?
19  A.  What do you mean?
20  Q.  Do you remember, like was it a month
21  before the homecoming dance?  Two months
22  before?
23  A.  Probably just like a couple weeks.
24  ███████████
25  ███████████

Page 27

1  Q.  Did you have any problems or
2  disagreements with anybody while you were at
3  that football game?
4  A.  No.
5  ███████████
...
18  Q.  Had you received any texts or had any
19  text exchanges with any of those three girls
20  before the homecoming dance?
21  A.  Yes.
22  Q.  What had happened?
23  A.  M██ had asked me why I was following
24  somebody on Instagram.  She had dated this
25  boy a long time ago.  He's from Texas, and

Page 28

(redacted)

Page 29

6  Q.  What did she say to you when she found
7  out?
8  A.  She was calling me like nasty things and
9  like asking why I had him on my Instagram and
10  stuff like that.
...
21  Q.  And did she call you on the phone, or
22  did you text you?
23  A.  She Snapchatted me.
24  ███████████
25  ███████████

800-567-8658

Summ. J. App. 20

973-410-4098



Page 30

```
1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 32

```
1
2
3
4
5
6
7
8
9
10
11   Q.  Why did you go to the Roosevelt
12   homecoming dance?
13   A.  I went with my best friend.
14   Q.  Which was who?
15   A.  K███.
16   Q.  What's her last name?
17   A.  H██.
18
19
20
21
22
23
24
25
```

Page 31

```
1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 33

```
1
2
3
4
5
6
7
8
9
10
11
12   Q.  And I have the dance being on
13   October 5th; does that sound about right?
14   A.  Yes.
15
16
17
18
19
20
21
22
23
24
25
```

9 (Pages 30 - 33)

Summ. J. App. 21



Page 34

```
1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 36

```
1
2
3
4
5
6
7
8
9
10
11
12
13
14   Q.   Now, before -- strike that.  When you
15   were at Roosevelt, my understanding is you
16   didn't have any problems with any of those
17   girls; correct?
18   A.   Correct.
19   Q.   And so you had not talked to anybody
20   associated with Roosevelt before the dance
21   about having any issues with any of those
22   girls; correct?
23   A.   Correct.
24
25
```

Page 35

```
1
2
3
4
5    Q.   Had you gone to the football game the
6    night before?
7    A.   Yes.
8    Q.   Where was that football game?
9    A.   Drake.
10   Q.   And who did they play?
11   A.   Hoover.
12   Q.   So it was the Roosevelt-Hoover game?
13   A.   Yes.
14   Q.   Did you run into any of those three
15   girls at the Roosevelt-Hoover game?
16   A.   I saw them in the student section, but I
17   didn't sit in the student section, so I
18   just -- like I just glanced at them.
19   Q.   And did you have any conversations with
20   them?
21   A.   No.
22   Q.   Did you have any texts with them?
23   A.   No.
24   Q.   Any Snapchats?
25   A.   No.
```

Page 37

```
1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23   Q.   And when did you have an issue with
24   them?
25   A.   Probably just a few minutes before it
```

10 (Pages 34 - 37)

Summ. J. App. 22



Summ. J. App. 23



Page 50

16  Q.  So you went over to Mr. Dowler, and then
17  what did you do when you got over by him?
18  A.  I said, hey, Mr. Dowler, these people
19  are trying to fight me.  He was like -- just
20  kind of giggled, and he was like who.  And I
21  said M██, F███████ and S█████.  And when I
22  said that, I just kind of like pointed over
23  there.  And he was like oh, well, ha, ha,
24  maybe you should just go somewhere else.
25

14 (Pages 50 - 53)



Page 54
1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 55
1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 56
1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 57
1
2
3
4
5
6
7
8
9
10
11
12
13
14
15   Q.   And then how long after you spoke to him
16   did that fight occur?
17   A.   Maybe like a minute.
18
19
20
21
22
23
24
25

15 (Pages 54 - 57)

Summ. J. App. 25



Page 78

Page 80

Page 79

Page 81

```
16   Q.   And did you speak to anybody else that
17   was a teacher, a chaperone, or an
18   administrator at the dance about the fact
19   that you thought there was going to be a
20   fight?
21   A.   No.
```

Summ. J. App. 26

```
 1        IN THE UNITED STATES DISTRICT COURT FOR THE
                    SOUTHERN DISTRICT OF IOWA
 2                      CENTRAL DIVISION

 3   - - - - - - - - - - - - - -X
     KRISTY MITCHELL, individually)
 4   and as mother and next friend)
     of NEVAEH OSORIO,            )        COPY
 5                                )
               Plaintiffs,        )CASE NO.
 6                                )4:20-cv-00109-SMR-HCA
     vs.                          )
 7                                )
     DES MOINES INDEPENDENT       )
 8   COMMUNITY SCHOOL DISTRICT and)
     TIMOTHY DOWLER,              )
 9                                )
               Defendants.        )
10   - - - - - - - - - - - - - -X

11        DEPOSITION OF TIMOTHY JOHN DOWLER,

12   taken via Zoom Video Conference by the Plaintiffs
     before Kaylan R. McCord (Appearing via Zoom),
13   Certified Shorthand Reporter of the State of Iowa,
     commencing at 10:00 a.m., Wednesday, August 5,
14   2020.

15   APPEARANCES:

16   For the Plaintiffs:    JEFFREY M. LIPMAN, ESQ.
                            (Appearing via Zoom)
17                          Lipman Law Firm, P.C.
                            1454 30th Street
18                          Suite 205
                            West Des Moines, IA 50266
19
     For the Defendants:    JANICE M. THOMAS, ESQ.
20                          (Appearing via Zoom)
                            Bradshaw Fowler Proctor &
21                           Fairgrave, P.C.
                            801 Grand Avenue
22                          Suite 3700
                            Des Moines, IA 50309
23
     Witness:               Timothy John Dowler
24                          (Appearing via Zoom)

25      KAYLAN R. McCORD - CERTIFIED SHORTHAND REPORTER
```

KRISTY MITCHELL vs DES MOINES INDEPENDENT COMMUNITY SCHOOL, et al.
TIMOTHY DOWLER  08/05/2020                                    Pages 2..5



Page 2
```
 1            I N D E X
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 3
```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24    Q    And what is your current occupation?
25    A    I'm a teacher at Roosevelt High School in
```

Page 4
```
 1   Des Moines, Iowa.
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 5
```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

KRISTY MITCHELL vs DES MOINES INDEPENDENT COMMUNITY SCHOOL, et al.
TIMOTHY DOWLER  08/05/2020                                                    Pages 6..9

Page 6

17    A    Just to monitor the -- you know, the
18  dance floor, the area in general, just to make sure
19  everything is running smoothly.  You know, I think
20  the idea kind of was the more adult supervision
21  there, the less trouble there would be.  So just
22  having our physical body there, presence there was
23  just to help prevent, you know, any trouble.  And
24  so, I mean, you know, just kind of walk around,
25  talk with the students, and just, you know, make

Page 7

1  sure everything is running smoothly.

6    Q    Now, at some point during the dance, do
7  you recall having a conversation with Nevaeh?
8    A    Yes.

Page 8

20    Q    Okay.  And why don't you tell me about
21  the conversation that you and Nevaeh had.
22    A    Yeah.  So as I saw Nevaeh, you know, I --
23  I think I smiled because I knew Nevaeh from last
24  year.  I said, "Hello.  How are you?"  And within
25  seconds into the conversation, I can tell you what

Page 9

1  I remember most vividly is her talking about Ankeny
2  and her transition to the school, the new school,
3  you know, how she liked it.  That part of the
4  conversation stands out because I was very curious
5  about Ankeny and just the whole transition.
6         It was toward the end that, yeah, she had
7  mentioned that there was some kids that she wasn't
8  getting along with or they didn't like her, but
9  there was nothing, you know, real telling about any
10  of that.  That would just -- in fact, I mean, that
11  was -- to me was just an extension of very causal
12  conversation.  I would characterize the whole
13  conversation as being very causal, especially since
14  we started out with Ankeny for probably a couple
15  minutes.
16    Q    Okay.  Tell me exactly what you recall
17  her saying about these people she was having
18  trouble with.
19    A    All I can tell you is she didn't like
20  them or they didn't like her.  It was nothing -- as
21  I said, her demeanor was not alarming.  She was not
22  showing great emotion.  In fact, I would say she
23  was nonemotional, and I remember saying something
24  to the effect of, "Well, just stay away from them,"
25  you know, kids don't get along with every kid in

KRISTY MITCHELL vs DES MOINES INDEPENDENT COMMUNITY SCHOOL, et al.
TIMOTHY DOWLER  08/05/2020                                                                Pages 10..13

**Page 10**

1  any building, so, you know, there was nothing
2  like -- what I can remember is there was nothing
3  alarming in the tone of voice.  She was not
4  hysterical.  She was not, you know, crying.  She
5  was not showing any worry.  I would describe the
6  conversation as causal.
7          And when you asked about the individuals,
8  I would still say it was a causal conversation
9  about some kids she was not getting along with or
10  she didn't like them or they didn't like her.  It
11  was that.  I said something to the effect of, you
12  know, "Just stay away from them."

**Page 12**



**Page 11**

**Page 13**

10   Q    And someone told you a fight was going
11  on?

21   A    So, yeah, you know, when all this came
22  up, I was trying to think how I did know.  I'm
23  pretty sure somebody came up and said, "There's a
24  fight over there."  So I went -- I, you know,
25  sprung into action immediately and went to the

KRISTY MITCHELL vs DES MOINES INDEPENDENT COMMUNITY SCHOOL, et al.
TIMOTHY DOWLER  08/05/2020                                        Pages 14..17



Page 14

1  fight.

Page 16

1  the video, you saw me get in there and get in
2  between the two parties, but there was so much
3  drama and people gathering around.  And as soon as
4  I got in there and started moving my hands, people
5  scurried in every direction, so not only could I
6  not tell you who she was fighting, I didn't know
7  she was one of the parties.
8       Q    Did you later find out that Nevaeh was
9  one of the parties?
10      A    Not until Monday.

Page 15

21      Q    Do you know which girls other than Nevaeh
22  were involved in this altercation?
23      A    I didn't even know it was Nevaeh involved
24  in the altercation.  When I came to the fight, I
25  had no idea who was fighting.  And if you've seen

Page 17



1

```
                UNITED STATES DISTRICT COURT FOR
                 THE SOUTHERN DISTRICT OF IOWA
                        CENTRAL DIVISION


KRISTY MITCHELL, individually:
and as mother and next       :
friend of NEVAEH OSORIO,     :
                             :
              Plaintiffs,    :
                             :  No. 4:20-cv-00109-SMR-HCA
         vs.                 :
                             :
DES MOINES INDEPENDENT       :
COMMUNITY SCHOOL DISTRICT    :  VIDEOCONFERENCE
and TIMOTHY DOWLER,          :  DEPOSITION OF
                             :
              Defendants.    :  K██████ H█████
                             :


        DEPOSITION OF K████████ H████, taken
before SueAnn Jones, Certified Shorthand Reporter and
Notary Public, by videoconference means with all parties
appearing from their respective locations, commencing at
3:45 p.m. on September 21, 2020.


        Reported by:  SueAnn Jones, CSR, RPR
                Veritext Legal Solutions
                      800-567-8658
```

3

```
1                   I N D E X
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

25

1
2
3
4
5
6
7
8
9    Q.  At that point in time, she just told you that she
10   didn't feel comfortable; correct?
11       A.  Correct.
12       Q.  She didn't tell you that she thought that they
13   were going to fight her, did she?
14       A.  No.
15
16
17
18
19
20
21
22
23
24
25