UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KRISTY MITCHELL, individually and as mother and next friend of NEVAEH OSORIO,<br><br>     Plaintiffs,<br><br>v.<br><br>DES MOINES INDEPENDENT COMMUNITY SCHOOL DISTRICT and TIMOTHY DOWLER,<br><br>     Defendants. | Case No. 4:20-cv-00109-SMR-HCA<br><br><br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' RESISTANCE TO MOTION FOR SUMMARY JUDGMENT** |

COME NOW Defendants Des Moines Independent Community School District and

Timothy Dowler, by and through undersigned counsel, and pursuant to Federal Rule of

Civil Procedure 56 and Local Rule 56(d) hereby  provide the following reply to Plaintiffs'

resistance to their motion for summary judgment.

## TABLE OF CONTENTS

I.    THE "ASSUMED DUTY" DOCTRINE FAILS TO ATTACH LIABILITY TO DEFENDANTS................................................................................................ 2

II.   DEFENDANTS' DISCRETIONARY FUNCTION IMMUNITY BARS PLAINTIFFS' CLAIMS ........................................................................................ 3

III.  PLAINTIFFS' §1983 CLAIM IS WHOLLY UNSUPPORTED AND WITHOUT MERIT ................................................................................................ 4

IV.  AT MINIMUM, QUALIFIED IMMUNITY REQUIRES DISMISSAL OF PLAINTIFFS' CLAIMS ........................................................................................ 5

CONCLUSION ................................................................................................. 6

## I.   THE "ASSUMED DUTY" DOCTRINE FAILS TO ATTACH LIABILITY TO DEFENDANTS.

In response to Defendants' argument that no "special relationship" exists to a non-student that could impose any duty on Defendants, Plaintiffs now claim that Defendants "assumed" the duty such that they are liable to the non-student.  Plaintiffs state that Defendants undertook this duty (and thus, exposed themselves to liability) as a result of simply authorizing the non-student's attendance at the dance.  Plaintiffs fail to cite to any case law where a Court has held that either (1) a special relationship between a non-student and school district exists or (2) that a school district assumed a duty by simply authorizing a non-student's attendance at a dance.

Case law holds a school's recognition "that its students would have guests, does not give rise to a duty to protect the guests. *Freeman v. Busch*, 150 F. Supp.2d 995, 1001 (S.D. Iowa 2001).  Similar to this case, mere "authorization" of a guest to attend the dance does not assume a duty to such guests.

Plaintiffs argue the school district assumed a duty argument is really one alleging the school district failed to take some action to protect Nevaeh.  Plaintiffs claim the school district is negligent <u>for not</u> investigating and <u>for not</u> referring the matter to those with more authority despite an alleged "obligation to do so".  *See* Pltf Resistance, p. 7 (emphasis added). However, any claim that the school district failed to perform an obligation to protect the non-student does not fit within the doctrine of assumed duty, which requires "sins of commission rather than sins of omission."  To be liable under assumed duty, **<u>one must render services, not fail to render services</u>**. *See Lindemulder v. Davis County*

*Community School Dist.*, 884 N.W.2d 222 (Table) 2016 WL 1679835 *8 (Iowa Ct. App. 2016) (unpublished) (holding claim that school district undertook duty to protect student by investigating rumors failed to reach standard of assumed duty because one must render services, not fail to render services) (emphasis added).

Further, the district court in *Freeman* also dismissed Plaintiff's claim of an "assumed duty". In *Freeman*, Plaintiff claimed that a school was liable because it undertook a duty to provide supervisory and security services. 150 F. Supp.2d at *1001 (S.D. Iowa 2001). The Plaintiff further argued that the student security guard assumed a duty because he "listened to the problem, received minimal clarification pursuant to minimal questioning, and rendered advice". *Id.* at *1002. In the case at bar, Plaintiffs state that Dowler's response was "shockingly limited" and that he "only said a few things" including "stay away from them then" and "go somewhere else" and that Dowler conducted no follow-up. *See* Pltf Resistance, p. 11-12. Similar to *Freeman*, Plaintiffs' theory for "assumed duty" is premised on acts of omission and must be dismissed as a matter of law.

## II.   DEFENDANTS' DISCRETIONARY FUNCTION IMMUNITY BARS PLAINTIFFS' CLAIMS.

To prevail, the Defendants need only show there was an element of judgment or discretion involved in the decision. *See Graber v. City of Ankeny*, 656 N.W.2d 157, 161 (Iowa 2003). A teacher/chaperone at a dance is clearly vested with discretion to make decisions based upon his/her judgment. In this case, based on what was told to Dowler and based on the demeanor of the Plaintiff, there was nothing that revealed an obvious or known risk present. SOF, ¶¶10-14. Such decision by Dowler to take no further action was a

"meaningful exercise of discretion" entitling Defendants to immunity. *See Madden v. City of Eldridge*, 661 N.W.2d 134, 139 (Iowa 2003).

If Dowler "investigated" or "followed up" with every comment made by every student when there was no indication of an obvious or known risk, he would be precluded from performing his function of walking around, talking with students and making sure everything was running smoothly. SOF, ¶7.  Such an action would take Dowler away from supervising students who may actually indicate an obvious or known risk. *Id.*  As a result, Dowler considered the social policy implications and safety of additional students in determining, in his discretion, there was no need to take any further action. *See Anderson v. State*, 692 N.W.2d 360 (Iowa 2005).

### III.   PLAINTIFFS' §1983 CLAIM IS WHOLLY UNSUPPORTED AND WITHOUT MERIT.

Plaintiffs' claim is not the exception to the general rule which prohibits a violation of the due process clause when a state fails to protect an individual against private violence. *DeShaney v. Winnebago Cnty, Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989).  Further, the Plaintiffs' fallacy of a "state created danger" is debunked by the record.  Even assuming, the non-student Plaintiff could satisfy the requirement of being in a "precisely definable group" (which is highly disputed), Plaintiffs cannot demonstrate a "significant risk of serious, immediate and proximate harm" or that such a risk was "obvious or known" to Dowler. SOF, ¶¶10-14.

Plaintiffs cannot satisfy the additional elements of the state created danger test which include a showing that that Dowler acted recklessly in conscious disregard of the risk and

that his conduct would "shock the conscience".  The lone case Plaintiffs cite for support

satisfying the heightened "shock the conscience" hurdle involves a juvenile home's use of

a mechanical fourteen-point restraint device placed on juveniles in a storage room and on a

metal bed frame for a period of sixty (60) minutes despite no safety threat posed by the

juveniles. *C.P.X. through S.P.X. v. Garcia*, 450 F. Supp.3d 854, 883 (S.D. Iowa 2020).  The

facts in this case do not come anywhere close to reaching the disturbing facts set forth above.

Similar to the holding in *Leffall*, Plaintiffs have not and cannot allege facts that demonstrate

a deliberate indifference to any danger sufficient to maintain a *constitutional* wrong

occurred. *Leffall v. Dallas Independent School District*, 28 F.3d 521, 523 (5th Cir. 1983).

As a result, Plaintiffs' §1983 claim must be dismissed as a matter of law.

### IV.    AT MINIMUM, QUALIFIED IMMUNITY REQUIRES DISMISSAL OF PLAINTIFFS' CLAIMS.

In an attempt to pierce yet another level of governmental immunity, Plaintiffs repeat

their unsupported claim that Dowler "affirmatively" placed Plaintiff in a position of danger

that she would not have otherwise faced.  This claim fails for the same reasons set forth in

reply to Plaintiffs' §1983 claim.   Plaintiffs' then argue that the right was clearly established

at the time of the alleged violation by citing to *Gregory v. City of Rogers*, 974 F.2d 1006,

1010 (8th Cir. 1992). Far from supporting Plaintiffs' claim, the 8th Circuit actually

underscored the reality that "only in limited circumstances does the Constitution impose on

the state an affirmative duty to protect or care for particular individuals, and those

circumstances are not present in this case". *Id.* at 1009-1010 (internal citations omitted).

Further, the eighth circuit has stated that qualified immunity could insulate a teacher from

liability even if a teacher's behavior was "beyond the scoped of professionally acceptable choices". *Heidmann v. Rother*, 84 F.3d 1021, 1031 (8th Cir. 1996). Based on the above and the evidentiary record, a reasonable trier of fact could not conclude Dowler affirmatively placed Plaintiff in a position of danger.

## **CONCLUSION**

Based on the above authority, as well as the authority set forth in the Motion for Summary Judgment, Plaintiffs' complaint must be dismissed in its entirety.

BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.

By:  _____*/s/ Janice M. Thomas*_____
Janice M. Thomas  AT0007822
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-8004
Tel:  (515) 246-5828
Fax:  (515) 246-5808
Email:  thomas.janice@bradshawlaw.com

**ATTORNEYS FOR DES MOINES INDEPENDENT COMMUNITY SCHOOL DISTRICT and TIMOTHY DOWLER**

Copy to:

Jeffrey M. Lipman
Lipman Law Firm, P.C.
1454 - 30th Street, Suite 205
West Des Moines, IA  50266
Tel:  (515) 276-3411
Fax:  (515) 276-3736
Email:  jeff@lipmanlawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

Alison F. Kanne
Wandro & Associates, P.C.
2501 Grand Avenue, Suite B
Des Moines, IA  50312
Tel:  (515) 281-1475
Fax:  (515) 281-1474
Email:  akanne@2501grand.com
**ATTORNEY FOR PLAINTIFFS**

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the 15th day of March, 2021 by:

☐ U.S. Mail ☒ CM/ECF
☐ Hand Delivered ☐ EMAIL
☐ Federal Express ☐ EDMS

*/s/ Lucy Anderson*